Thank you, Your Honor. Again, Mark Meyer, CJA Counsel, representing Patrick Laverdure. I'd like to focus my argument on Mr. Laverdure's conviction on count three in the indictment that charged him with abusive sexual contact regarding an incident involving his niece, denoting her initials S.S., who was five years old at the time. Our argument is that the conviction on count three of the indictment, I set forth in my brief the trial testimony. What did the government have to prove? What were the elements of that particular charge for S.S.? The main element really at issue, Your Honor, is that Mr. Laverdure had knowingly engaged with sexual contact with S.S. What type of sexual contact qualify? The touching of either on top of or beneath the clothing of S.S. to satisfy the sexual desires of the defendant. So why is the evidence insufficient? The evidence, the sole – first off, S.S.'s testimony at trial is that she recalled nothing of the incident. But he had to take her out of the picture. Then the government's theory is that the defendant, who was charged with aggravated sexual abuse of S.S.'s sister, M.S., on the same evening as part of the same course of events, abused M.S. by penetrating M.S.'s vagina and sexually aroused as a result of that incident, went over and engaged in sexual contact with S.S. M.S.'s testimony at trial was that she couldn't testify what happened to S.S., to her sister, that it was dark in the room. She had no idea what happened. The only testimony was that S.S. woke up and was crying loudly. So the – as far as the – that is the sum total of the actual evidence. What about Laverger's confession? That's true, Your Honor. As far as the confession itself, we've argued that under the Lopez-Alvarez case, that the issues pertaining to his confession don't provide enough evidence to sustain the conviction. His confession – On which prong? The prong of the sexual contact on the incident described – Is it your position that the evidence is insufficient to show that there was any injury or violation of the statute or that there was insufficient evidence corroborating his reliability as a witness? Insufficient evidence to corroborate his credibility. One, given that his statement or his confession discussed an incident of abuse that occurred when he was 22 or 23 years old, which would have been in 2002, 2003, whereas the testimony of M.S. regarding the incident issue occurred – she testified it occurred in the year 2000. Also, his confession regarded an incident that occurred when he was in the living room upstairs during – while he and the victim were watching television. And the disparity between those two events doesn't provide a sufficient basis to sustain the conviction, just given the inherent differences in the testimony involved. He did confess to an incident on the bed with M.S., though, correct? No, his testimony or his admission – While she was sleeping. About – it was, again, on the couch in the living room while watching television, while she was sleeping. No, I – there were two incidents with M.S., were there not? Correct, yes, Your Honor. Okay, one was when she was on the bed sleeping, he said, and then there was another one where he was with the two girls on the couch. Isn't that correct? Correct, Your Honor, yes. Okay, and so M.S. testified to having been on the bed sleeping and having been molested. And that is – that corroborates that aspect of his confession. Isn't that correct? Yes, Your Honor. Her testimony certainly was of sleeping in the basement bedroom, but his – Don't confuse. There are two – I want to make sure I'm not misleading. I'm asking for as far as M.S. on the bed. And he confessed to M.S., an incident with M.S. on the bed. So that aspect has been corroborated, and we're not arguing about that, correct? Correct, Your Honor. Okay, so now the government is saying, and out of that same corroborated incident, M.S. said that he got up and went over and molested – in fact, molested S.S. And you're saying that's not corroborated because S.S. doesn't remember anything, and M.S. put it as adjunct to a bed, and what he confessed to, as far as S.S. is concerned, had to do with a couch, and there's no corroboration from the two girls about anything on a couch. Correct? Correct, yes. And I think – oh, go ahead, I'm sorry. No, that's fine. So Judge Paez was asking you, well, we've got M.S. testifying about molestation on the bed, and why isn't it enough for her being a precipient witness to give credence to the notion that he also molested S.S.? For the trier fact. Pardon? Or for any rational trier fact to so conclude. The difference certainly is the absence of any evidence from the victim herself regarding what transpired, and also the issue that we've raised regarding the defendant's confession and the inability that arose out of the transporting an FBI agent for a polygraph examination and not being able to explore that or to argue that, and to challenge the defendant's confession during the trial phase. Let me just clarify one thing with respect to that little incident that took place before the trial began. The district court judge was familiar with this particular agent, correct? Correct. And he had seen this agent testify about polygraph tests in the past. At least at some point in the past, yes. He said, I don't want to hear any evidence, I don't want to hear any testimony about polygraphs. Correct. There was no comeback to say, well, we're not concerned about the polygraph test literally, but we would like to present some testimony about why he was going to this particular venue under other circumstances. There was nothing like that. Nobody asked the judge to modify his ruling in that respect. Is that right? That's correct. Yes. So how did the judge abuse his discretion here then? The just blanket prohibition on any reference to the polygraph examination, taking, you know, under the whole circumstance. Well, let's assume that he would, that he explained to the judge, look, I just want to testify about, you know, how it came about that I gave my confession. What would he have said? I think his testimony would have been similar to what he said during the trial itself, that the representation was made that if he did confess, the matter would be handled in tribal court, and that that was what prompted him to give the description of the events that he did. Well, he wouldn't have testified that part of the interview was not recorded and part of it was. Correct. A fairly long chunk of time, about an hour, was not recorded. About an hour and 45 minutes, yes. Yes, a fairly long time. I mean, he would have said that, you know, he made suggestive statements, or he said if I do this, if I do that. I mean, anything like that would have come out? We don't know. But certainly the impression that the jury was left with was that the agent was an interview expert and that he had an hour and 45-minute discussion with the defendant, at the conclusion of which they stopped and the defendant gave a recorded statement. It prevents the jury from completely seeing the understanding and appreciating all the circumstances that gave rise to the statement the defendant made. Okay. Counsel, I want to let you fully respond to Judge Pais' question, but I'm afraid you are out of time, unless one of the judges has a question. You should have your wrap-up. No. Thank you, Your Honor. Okay. Thank you, Mr. Meyer. Mr. Spraker. Yes, Your Honor. Thank you, and good morning. May it please the Court. The defendant in this case was convicted on three counts, and the government does concede error on count two. However, the evidence to sustain the defendant's conviction on count three is sufficient, given the evidence presented at trial through Magenta Sullivan, as well as the defendant's confession to the FBI agents. Counsel? Yes, Your Honor. I have a question based on that very concession. You have a confession from Labrador about two incidents with MS, correct? That is correct, Your Honor. And one of them, on the couch, is not corroborated. So you are confessing error on that one. That is correct, Your Honor. Okay. So given that, why isn't the same failure fatal to count three, since there's a lack of corroboration? And where the government would disagree on that point is to the evidence that was actually presented at trial through MS. About SS. Correct, Your Honor. And to put that in context, I think it's important to note the statutory language, which the defendant was convicted of under abuse of sexual contact, which the term sexual contact was required for the defendant to be found guilty, which is defined as the intentional touching either directly or through the clothing of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person. Now, this statutory definition of sexual contact is not as exacting as, for instance, aggravated sexual abuse or sexual abuse. All that's required under this statute is that the defendant touch the victim, in this case, SS. It can be either through the clothing or not through the clothing, and it can be the genitalia, inner thigh, buttocks, or groin of any person. It doesn't even have to be the defendant's groin, buttocks, genitalia. It could have been the victim's genitalia, groin, or buttocks that was touched. So given that, the testimony of MS was that the defendant then got up after he had penetrated MS's vagina with his penis and then went over to SS, who then started crying loudly. And, Your Honor, this is not a situation where an uncle came into the room and was just innocently cuddling his nieces. In fact, this was a case where the defendant had just got done raping one of his nieces. Then he went up and got over to the other side of the bed where SS was laying, as MS testified, and lay next to her. And there simply isn't an innocent explanation for what was going on here. This was not an uncle coming in to check on his nieces. This is the defendant that had just got done raping one of his nieces and then went over to the next one. And given the testimony of the two Rule 413 witnesses in this case, this is simply the defendant's modus operandi, is that he goes into rooms where sleeping victims are. He goes in, gropes them, molests them, and then leaves generally when they wake up. And that's, in fact, what happened in the case of both MS and SS in this case. The government submits that. Were they, excuse me, were MS and SS on separate beds on that occasion? They were on the same bed, yes. Same bed, okay, thank you. Yes, so. So you say that you would say, or you're arguing that the testimony that MS did give, even though it's not entirely precise because it's dark, she didn't see everything, that it's enough to corroborate. Yes, Your Honor, that is correct. And the government submits that that evidence alone is sufficient to sustain the defendant's conviction for abuse of sexual contact. And as stated in the government's brief, the jury was certainly entitled as well to recognize that the defendant confessed to molesting SS, albeit under different circumstances to what MS testified to. The defendant essentially did take responsibility for molesting SS in this case. And I think it's important to note that the defendant or the jury did not credit the defendant's testimony in every regard in this case. It didn't credit the defendant's denial that he never molested MS or SS. In fact, the jury came back with a verdict that found him guilty. So the fact that they didn't credit the defendant's confession in every regard is certainly reasonable in this case, that the defendant would be likely to minimize what he did given the testimony of MS, that he in fact raped her and then went over to SS. Certainly the defendant probably wouldn't want to give the circumstances, which would give rise to a much serious set of circumstances as to what MS testified to. His confession, as I understand it, was that he molested the girls in the living room. Correct, sitting on the couch. So is there any law about whether the corroboration by MS can be in one location to corroborate a confession that was in a different location? Like if he had confessed, yes, I molested my niece in Montana. Could a witness corroborate it by saying, I can give evidence that he molested his niece in Idaho? Your Honor, in researching the case law for this appeal, I did not find any cases directly addressing that situation. The pertinent language out of Lopez-Alvarez, which would be the seminal case on the Ninth Circuit's law on this issue, is that the core of the criminal conduct must be proved by the corpus delicti, or the grommet of the offense. And here, as the indictment alleged, that I believe it was from the years 2000 to 2004 that the defendant had abusive sexual contact with SS, which given the defendant's confession and also the testimony of MS, would have put the criminal conduct within the allegations of the indictment. Very interesting. Okay. It is. I will briefly address the issue raised by counsel for Laverdure about the limitation of the polygraph evidence, which was given by the judge in this case. The instruction was to the counsel for the United States and Laverdure before the case began. It appears that the direction was directed primarily towards the government attorney in this case. After the court asks if there's any questions, it is the government counsel that responds, no, Your Honor, there is no questions in regards to the court's instruction that there will be no discussion of polygraph evidence. The defense counsel doesn't respond, and the court then continues the trial. As defense counsel just stated during the oral presentation, that there was no asking for a limitation that the defense be permitted to present a different theory as to polygraph evidence as to why they should be able to present that the defendant didn't give his confession voluntarily or knowingly. And, in fact, the defendant's testimony was just the opposite in this case. He said that he went with the agents voluntarily to the examination, that he confessed because he thought the case would go to the tribes, and he didn't think he would be able to get it. He would get as much trouble as he did in this case. If there is no further questions by the court, I will see the rest of my time. Any questions with Judge Pius? It seems we have no questions. No, I'm fine. Thank you. We thank you. Now, the appellant, your time was up. We'll give you... I have no other reply. Okay. Then I'll just say the case of United States v. Leverger shall be submitted, and we always get excellent argument and helpful argument from Montana lawyers, and this was no exception. You both did a very nice argument, so we thank you. Have a safe trip back home. Thank you, Your Honor. Case of United States v. Leverger shall be submitted.
judges: Fisher, Gould, Paez